## McCormack *v*. Reece.

A subscription paper for improvements in a street, will hold the parties to it, as to a promissory note, and where the payee indorsed the paper over in part payment for the improvement, he will be held as indorser, and as guarantor of the genuineness of the signatures.

Where a subscription paper " promises to pay as the work progresses," proof that the work was not finished, not admissible.

It will be presumed that the judgment was justified by the evidence.

APPEAL *from Muscatine District Court.*

*Opinion by* GREENE, J. This was an action of assumpsit on a subscription paper to pay for certain improvements in Muscatine. The subscribers promised payment to Wm. McCormack or order. McCormack assigned the paper " to the bearer," and the suit was commenced before a justice of the peace, by Henry Reece, the bearer, against McCormack, the indorser, for twenty dollars, the sum placed to the name of Geo. Hunt, who did not subscribe or authorize his name to the paper. Plaintiff recovered before the justice and also in the district court.

1. It appeared on the trial that the subscription was assigned to Reece, in part payment for the improvement. In the instructions to the jury, the court regarded the subscription as a promissory note, and McCormack as indorser, and as guarantor of the genuineness of the signatures. To these instructions exceptions were taken, but we can see in them no serious error. It cannot be questioned, that all who subscribed to the instrument an amount stated by them, became liable to pay that amount according to the stipulations of the subscription paper; nor can it be questioned that the improvement contemplated by the paper was a sufficient consideration to make the promise binding. As McCormack indorsed the paper to Reece, in part payment of the improvement for which the promises were made, it follows that he was not only liable as indorser, but also as guarantor of the genuineness of the paper.

McComack *v.* Reece.

2. But the bill of exceptions shows that the defendant offered to prove that the work contemplated by the paper was not finished, nor sufficiently well done, and the court sustained the objection to the introduction of this testimony. Was this ruling erroneous? We think not. The paper stipulated the "promise to pay as the work progresses." The indorsee was therefore entitled to payment before the work was finished or well done.

3. It is objected that the testimony did not show sufficient consideration for the indorsement, nor sufficient to justify the judgment against the indorser. To this it may be replied that the record does not purport to give all the testimony. It must therefore be presumed that the judgment was justified by the evidence.

Judgment affirmed.

*S. Whicher*, for appellant.

*J. Scott Richman*, for appellee.